**Jose Antonio DEL CID MAYEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 01–71872.**

**INS No. A70–786–745.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2003.*

Decided May 19, 2003.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jose Del Cid Mayen ("Del Cid Mayen"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeal's (BIA) finding that he failed to establish statutory eligibility for asylum and withholding of deportation. Affirming the immigration judge's order, the BIA concluded that Del Cid Mayen failed to demonstrate that Guatemalan guerrillas threatened to forcibly conscript him on account of his political opinion. We review the BIA's, and the underlying immigration judge's, findings regarding an asylum seeker's well-founded fear of persecution under the deferential "substantial evidence" standard.[1] Under this standard, we may not reverse the BIA "unless the evidence compels a contrary conclusion." [2]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

2. *See Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090 (9th Cir.2000) (citation omitted).

Congress has granted the Attorney General the discretion to allow political asylum to any alien the Attorney General determines to be a refugee.[3] The Immigration and Nationality Act defines the term "refugee" as an alien unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion."[4] We held in *Sangha v. INS*, that to prevail on an asylum claim resting on one's political opinion that an applicant must prove (1) he was a victim of persecution; (2) he holds a political opinion; (3) his political opinion is known to his persecutors; and (4) the persecution has been or will be on account of his political opinion.[5] Here, neither the immigration judge nor the BIA erred in finding that Del Cid Mayen had not presented sufficient evidence to show he was targeted *because of* his political opinion. Significantly, Del Cid Mayen himself recognized that the guerrillas were looking for young people to join their cause and he presented no evidence that he was targeted because of his political opinion. In other words, the guerrillas were trying to strengthen their forces through conscription rather than targeting people for their political beliefs.

The record supports the conclusion that Del Cid Mayen has not demonstrated that the guerrillas's extortion of money and food and the threat to forcibly conscript him were *because of* his political opinion. Because substantial evidence supports the findings of the BIA and the immigration

judge, the petition must be denied as it is based only on a general threat of forcible conscription.[6]

Petition DENIED.

(rejecting a petition under very similar circumstances); *Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000).

---

**3.** 8 U.S.C. § 1158(b).

**4.** 8 U.S.C. § 1101(a)(42)(A).

**5.** 103 F.3d 1482, 1487 (9th Cir.1997).

**6.** *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)

